COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 21, 2014
Date Decided: May 29, 2014

Richard L. Abbott
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, Delaware 19707

William E. Manning
James D. Taylor, Jr.
Whitney W. Deeney
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19899

Re: *Delaware Building & Construction Trades Council, AFL-CIO v. The University of Delaware et al.*,
Civil Action No. 7881-VCG

Dear Counsel:

The Plaintiff in this action contends that the Defendants are "subdivisions of the State" of Delaware, and thus subject to the prevailing wage provisions of 29 *Del. C.* § 6960. It seeks a declaratory judgment to that effect, and an injunction prohibiting the Defendants from violating that statute in the future. This Letter Opinion addresses whether the Complaint provides a sufficient basis for this Court to exercise equitable jurisdiction over this matter. For the following reasons, it does not.

A. *Background*

On September 20, 2012, Plaintiff Delaware Building & Construction Trades Council, AFL-CIO filed its Verified Complaint, alleging that the Defendants—the

University of Delaware (the "University") and 1743 Holdings, LLC ("1743")—are "subdivisions of the State" under 29 *Del. C.* § 6960 (the "Prevailing Wage Law"), and thus subject to the requirements governing certain public works projects promulgated therein.[1]  In its Complaint, the Plaintiff requests a declaration that the Defendants "constitute a 'subdivision' of the State of Delaware and must comply with the Prevailing Wage Law," as well as the "entry of a Permanent Injunction prohibiting the University and 1743 from undertaking public works projects subject to the Prevailing Wage Law without complying with its provisions."[2]

On March 21, 2013, the Defendants moved for summary judgment; the Plaintiff cross-moved on March 13, 2014.  In April, I requested a teleconference with the parties regarding whether the Court has equitable jurisdiction over this matter.  During that teleconference, counsel for the Plaintiff argued that this Court had jurisdiction, and requested the opportunity to brief the issue.[3]  On May 21, 2014, the Plaintiff submitted its Memorandum of Law Regarding Equitable Jurisdiction.  After reviewing the Plaintiff's Complaint, as well as its Memorandum, I conclude that this Court lacks subject matter jurisdiction.

---

[1] The Plaintiff avers that 1743, a limited liability company that is wholly owned by the University, is bound by Section 6960 as the purported "alter ego of the University."  Compl. ¶ 3.
[2] *Id.* at 10 (Prayer for Relief).
[3] The Defendants have decided not to brief this issue.

B. *Subject Matter Jurisdiction*

The Court of Chancery is a court of limited jurisdiction, and "can acquire subject matter jurisdiction over a case in three ways: (1) the invocation of an equitable right; (2) the request for an equitable remedy when there is no adequate remedy at law; or (3) a statutory delegation of subject matter jurisdiction."[4] "[U]nlike many jurisdictions, judges in the Delaware Court of Chancery are obligated to decide whether a matter comes within the equitable jurisdiction of this Court regardless of whether the issue has been raised by the parties."[5] When the issue of equitable jurisdiction is raised, by either the Court or one of the parties, the Plaintiff has the burden of demonstrating that such jurisdiction exists.[6] In deciding whether this Court has equitable jurisdiction over a pending matter, I "must look beyond the remedies nominally being sought, and focus upon the allegations of the

---

[4] *Testa v. Nixon Unif. Serv., Inc.*, 2008 WL 4958861, at *2 (Del. Ch. Nov. 21, 2008).

[5] *Christiana Town Ctr., LLC v. New Castle Ctr.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003), *aff'd sub nom.*, *Christiana Town Ctr., LLC v. New Castle Cnty.*, 841 A.2d 307 (Del. 2004).

[6] *Pitts v. City of Wilmington*, 2009 WL 1204492, at *5 (Del. Ch. Apr. 27, 2009); *see also Christiana Town Ctr., LLC*, 2003 WL 21314499, at *3 ("[T]he Court of Chancery will not exercise subject matter jurisdiction where a complete remedy otherwise exists but where plaintiff has prayed for some type of traditional equitable relief as a kind of formulaic 'open sesame' to the Court of Chancery.") (internal quotation marks omitted); *McMahon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987) ("Chancery jurisdiction is not conferred by the incantation of magic words. Neither the artful use nor the wholesale invocation of familiar chancery terms in a complaint will itself excuse the court, upon a proper motion, from a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate. If a realistic evaluation leads to the conclusion that an adequate remedy is available, this court, in conformity with the command of Section 342 of Title 10 of the Delaware Code, will not accept jurisdiction over the matter.").

complaint in light of what the plaintiff really seeks to gain by bringing his or her claim."[7]

C. *Analysis*

The Plaintiff seeks both a declaratory judgment and injunctive relief, relying on the latter as the basis for this Court's equitable jurisdiction.[8] According to the Plaintiff, "[p]ast failures by Defendants to abide by all Prevailing Wage Law requirements create a reasonable belief that future violations will occur" such that "[t]he mere entry of a Declaratory Judgment would be inadequate, as it would only declare that the Defendants are subject to the Prevailing Wage Law, not require future compliance."[9] Accordingly, the Plaintiff requests that this Court employ its "coercive powers" to ensure the Defendants' compliance with 29 *Del. C.* § 6960, if this Court finds that they are in fact bound by this statute.

---

[7] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004); *see also id.* ("To say it differently, the appropriate analysis requires a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate.") (internal quotation marks omitted); *Diebold Computer Leasing, Inc. v. Commercial Credit Corp.*, 267 A.2d 586, 588 (Del. 1970) ("The subject-matter jurisdiction of the Chancery Court depends solely, at this stage, upon the allegations of the complaint and a determination of what the plaintiff really seeks by the complaint; for it is settled that the existence of jurisdiction is to be ascertained as of the time of the filing of the complaint. We view the material factual allegations of the complaint as true, as though on a motion to dismiss the complaint for want of jurisdiction.") (citation omitted).

[8] *See Reader v. Wagner*, 2007 WL 3301026, at *1 (Del. Ch. Nov. 1, 2007) ("It is well settled that the Declaratory Judgment Act does not independently confer jurisdiction on this court. . . . [T]his court will not exercise jurisdiction in a declaratory judgment action unless the complaint reflects 'some special, traditional basis for equity jurisdiction.'").

[9] Pl.'s Mem. of Law Regarding Equitable Jurisdiction at 13.

4

In *McMahon v. New Castle Associates*, then-Chancellor Allen observed that "[a]t a minimum, for a complaint to properly state a claim cognizable in equity solely because of a request for an injunction, the facts alleged must, if assumed to be true, create a reasonable apprehension of a future wrong."[10] Even accepting all facts alleged in the Complaint as true, the Plaintiff here has not sufficiently alleged facts that indicate the Defendants will shirk their duties under the Prevailing Wage Law if a declaratory judgment is issued in the Plaintiff's favor.[11] The Plaintiff merely contends that, because the Defendants have purportedly not complied with this statute in the past, they will continue this alleged pattern of non-compliance even if a court were to declare that they are "subdivisions of the State" and thus bound by its requirements. However, that contention is insufficient to invoke the equitable jurisdiction of the Court, as "[t]his [C]ourt cannot permit its jurisdiction

---

[10] *McMahon v. New Castle Associates*, 532 A.2d 601, 606 (Del. Ch. 1987) (addressing the plaintiff's request for "an injunction prohibiting defendants from charging in excess of the actual cost to defendant of electrical utility service," and finding that, "accepting the well-pleaded factual allegations as true, there is no such threat shown and thus no basis for the entry of an injunction, even should plaintiff prove correct in its contention that defendant has been breaching its lease and the subsequently enacted landlord-tenant act"); *see also Town of Smyrna v. Kent Cnty. Levy Court*, 2004 WL 2671745, at *4 (Del. Ch. Nov. 9, 2004) ("[A] complaint for declaratory judgment does not fall within this court's subject matter jurisdiction unless it concerns 'equitable subjects, claims or rights' or properly contains a claim for equitable relief. In this regard, merely adding a claim for an injunction to enforce a declaration of legal rights will not, ordinarily, invoke this court's jurisdiction.") (footnote omitted).

[11] *See, e.g.*, *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 519 (Del. Ch. 2005) ("Here, the Attorney General . . . claims she is entitled to an injunction prohibiting [the defendant] from violating the various consumer statutes by conduct of this kind in the future. Yet, she has failed to plead any facts indicating any threat of such a recurrence or indicating why her power to enforce consumer affairs statutes as to future acts of non-compliance is not fully adequate. A request for a loose and unfocused injunction of this kind—i.e., not to violate the law in the future—does not invoke this court's equitable jurisdiction.").

to be invoked simply on the basis of unsubstantiated fear that a legal duty may be breached in an uncertain future."[12]

Here, assuming that the Plaintiff is correct that the Defendants are bound by Section 6960, the Plaintiff is simply wrong in its assertion that injunctive relief is required to compel "future compliance;" compliance is compelled by the statute itself. Although the Plaintiff argues that "[t]he mere entry of a Declaratory Judgment would be inadequate, as it would only declare that the Defendants are subject to the Prevailing Wage Law,"[13]

> it is not at all clear what purpose would be served by enjoining [the Defendants] from violating duly enacted statutes that it is already duty-bound to honor. The [Plaintiff's] request for injunctive relief of that nature both trivializes equity's role and implicitly suggests that the most powerful expression of a societal prohibition—an express statute forbidding conduct—is somehow insufficient without an "us, too" from the judicial branch.[14]

In fact, as the Plaintiff itself points out in its Memorandum, penalties for breach of Section 6960 are already provided for, in the statute itself. Any injunctive order

---

[12] *Id.* at 536.

[13] Pl.'s Mem. of Law Regarding Equitable Jurisdiction at 13.

[14] *State ex rel. Brady*, 870 A.2d at 536-37. Although Vice Chancellor Noble found, in dicta, that this Court had subject matter jurisdiction in *Gittman-Crowther v. Kent County Society for the Prevention of Cruelty to Animals*, where the plaintiffs sought to compel the defendant's compliance with the State's Shelter Standards Law, I find that case distinguishable. 2013 WL 3866676, *2 n.9 (Del. Ch. July 25, 2013). Whereas the Plaintiff here requests that this Court order the Defendants to comply with the Prevailing Wage Law—if it is determined that they are bound by this legislation—the plaintiffs' injunctive request in *Gittman-Crowther* was not limited to an order demanding compliance. Rather, the plaintiffs requested "a permanent injunction addressing a wide range of actions subject to the Shelter Standards Law," including an order that the defendant "abandon[] 'temperament' tests used to determine whether the animal is 'aggressive' or 'unadoptable' and thus eligible for euthanasia," as well as hire a monitor "to assure compliance with the Shelter Standards Law." *Id.* at *1.

from this Court would be redundant of the directive of the legislature made by statute. Accordingly, I find that, although the Plaintiff's Complaint seeks injunctive relief, it does not "properly state a claim cognizable in equity."[15] As such, I do not need to address the other arguments raised by the Plaintiff in its Memorandum of Law Regarding Equitable Jurisdiction.

Because the only other relief that the Plaintiff seeks is a declaratory judgment based in law and not equity, I find that this relief is available from the Superior Court.[16] As "there is a full, complete, practical and efficient remedy at law, this Court is without jurisdiction to hear the matter."[17]

D. *Conclusion*

Having found that the Court lacks subject matter jurisdiction over the Plaintiff's claims, this action is dismissed, unless the Plaintiff seeks to transfer this

---

[15] *See McMahon v. New Castle Associates*, 532 A.2d 601, 606 (Del. Ch. 1987).

[16] *See, e.g.*, *Reader v. Wagner*, 2007 WL 3301026, at *1 (Del. Ch. Nov. 1, 2007) ("The complaint exclusively involves issues of statutory interpretation that are not, by such statutes, assigned to the exclusive jurisdiction of this court. As Chancellor Chandler recently held, such issues 'are, beyond question, legal issues capable of resolution by the Superior Court, and declaratory relief is available there to the same extent as it is [in the Court of Chancery].' Because the complaint does not seek to vindicate an equitable right and does not demand an exclusively equitable remedy, this court lacks the power to adjudicate the dispute.") (citation omitted).

[17] *See Int'l Bus. Machines Corp. v. Comdisco, Inc.*, 602 A.2d 74, 85 (Del. Ch. 1991); *see also Gladney v. City of Wilmington*, 2011 WL 6016048, at *5 (Del. Ch. Nov. 30, 2011) (finding that "an injunction is unwarranted" and, accordingly, that the plaintiff's "request for declaratory relief provides no basis for Chancery jurisdiction, because a declaratory judgment is as available from the Superior Court as it is from this Court").

matter to Superior Court pursuant to 10 *Del. C.* § 1902.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III